UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SEBASTIAN HERNANDEZ,<br><br>                    Plaintiff,<br><br>vs.<br><br>MR. THORNTON, SERGEANT<br>FISHER, and IDOC,<br><br>                    Defendants. | Case No. 1:22-cv-00231-DCN<br><br>**INITIAL REVIEW ORDER BY<br>SCREENING JUDGE** |

The Complaint and Supplement of Plaintiff Sebastian Hernandez were conditionally filed by the Clerk of Court due to Plaintiff's status as a prisoner and pauper. Dkts. 3, 6, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be permitted to proceed in part.

## REVIEW OF COMPLAINT

### 1. Factual Allegations

In December 2020, Mr. Thornton, acting as Plaintiff's Idaho Department of Correction (IDOC) case manager, allegedly placed Plaintiff in danger by ignoring Plaintiff's reports that he was being harassed by another inmate, "which would either result in an injury or disciplinary action that would result in loss of parole eligibility." Dkt. 6, p. 5. Plaintiff turned in a move request to avoid a physical confrontation with the inmates in

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

his unit. However, he was not moved and ended up being attacked and injured. He now suffers "constant and severe pain" from spinal, muscle, and nerve damage.

Plaintiff alleges that Mr. Thornton made Sergeant Fisher aware of Plaintiff's report of the threat, but Sergeant Fisher also chose to do nothing. Plaintiff further asserts that the IDOC failed to properly train Mr. Thornton and Sergeant Fisher as to threats of harm to inmates.

Plaintiff asserts federal civil rights and state law negligence claims. He seeks monetary damages and injunctive relief.

## 2. Standard of Law

The Court must dismiss any portion of a prisoner or in forma pauperis complaint that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a plausible civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment. An Eighth Amendment claim has two components. The first is an objective showing: that a plaintiff is "incarcerated under conditions posing a substantial risk of serious harm" or has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

The second component is a subjective showing: that Defendant acted with "deliberate indifference," which "entails something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. To exhibit deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Specifically as to inmate-on-inmate violence, prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under the Eighth Amendment through § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (citation and punctuation omitted). As to the objective factor, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that

the complainant was especially likely to be assaulted by the *specific* prisoner who eventually committed the assault." *Id.* at 843 (emphasis added). As to the subjective factor, even an obvious danger does not result in liability if the official is not personally aware of it.

### 3. Discussion of Federal Claims

Plaintiff has stated sufficient facts, which, if true, show that Defendants Thornton and Fisher had notice that Plaintiff was at risk of being attacked by other inmates, but Defendants did not take preventative steps to avoid the harm that eventually befell him. Plaintiff may proceed on his claims for monetary relief against these Defendants in their personal capacities.

Plaintiff also seeks injunctive relief from these Defendants in their official capacities, asking for entry of an order requiring Centurion, the contracted medical provider to "treat [his] condition and symptoms such as pain or allow/refer [him] for outside care that will." Dkt. 6 p. 5. Neither Case Manager Thornton nor Sergeant Fisher is charged with providing medical care to inmates; therefore, Plaintiff cannot proceed against these Defendants for this type of relief. However, the state of Idaho, through its contracted medical provider, Centurion, has an independent obligation to treat Plaintiff for any serious injuries or medical conditions while he is in state custody. If Plaintiff does not receive proper treatment, he may complain through the prison grievance system and, if necessary, file a lawsuit against those individual medical providers who personally participate in any denial of care, including denial of proper specialist care.

Plaintiff also sues the IDOC for improperly training its employees. Pursuant to the

Eleventh Amendment, the IDOC cannot be sued in federal court unless Plaintiff can show that the state of Idaho has waived its sovereign immunity. *See Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Eleventh Amendment's jurisdictional bar applies to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" is amenable to suit under 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff may not proceed against the IDOC.

### 4. Discussion of State Law Claims

Title 28 U.S.C. § 1367 permits a district court to exercise supplemental jurisdiction over state claims when they are "so related" to the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution." A plaintiff may bring "all state and federal claims ordinarily expected to be tried in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Plaintiff has not specified his state law causes of action, but only has checked the box on the complaint form that shows he desires to pursue state law causes of action. Plaintiff appears to be asserting a claim that Defendants acted negligently by ignoring his reports of inmate threats. To state a claim for negligence, a plaintiff must provide adequate factual allegations showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct.

App. 2004). The Court will permit Plaintiff to proceed against the two individual Defendants under a state law negligence theory on the same facts.

Plaintiff will need to provide sufficient evidence that he complied with the provisions of the Idaho Tort Claims Act (ITCA), Idaho Code § 6-901, *et seq*., should Defendants assert that he did not. "All claims against the state arising under the provisions of [the ITCA] and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." Idaho Code § 6-905.

### 5.  Conclusion

Plaintiff may proceed against Defendants Thornton and Fisher on Eighth Amendment failure to protect and state law negligence claims. This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

### 6.  Request for Appointment of Counsel

Plaintiff also seeks appointment of counsel. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v.*

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. The court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se considering the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's only explanation for his need for counsel is "I am diagnosed with ADD." Dkt. 3, p. 9. However, Plaintiff's pleadings show that he has been able to protect his interests by articulating his claims in an appropriate way. The legal issues in this matter do not appear to be complex.

The Court will presently deny the motion for appointment of counsel without prejudice, but it will consider appointment at a later date if the case appears meritorious after the Court has had an opportunity to review Defendant's defenses and the parties' evidence concerning the facts of the case.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend (Dkt. 6) is GRANTED. The Clerk of Court shall refile the Amended Complaint at Dkt. 6 (as is) as a "Supplement to Complaint" under the next docket number to clarify that it is part of the operative pleadings in this matter and shall add a note to the Docket to reflect that, because it does not have a caption identifying it as a pleading.

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is

DENIED without prejudice. When the Court has additional evidence before it regarding the claims, it will revisit this request without the need for Plaintiff to file another request.

3. Plaintiff may proceed on Eighth Amendment claim and state law negligence claims against Defendants Mr. Thornton and Sergeant Fisher. All other claims against all other Defendants are DISMISSED, and all other Defendants are TERMINATED as parties to this action. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to amend the complaint to assert such claims.[1]

4. Defendants **Mr. Thornton** and **Sergeant Fisher** shall be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within thirty (30) days. If Defendants choose to return the Waiver of Service of Summons, the answer or pre-answer motion shall be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court shall forward a copy of the Complaint and Supplement (Dkts. 3,6), and a copy of this Order, and a Waiver of Service of Summons to the following counsel:

**Mary Karin Magnelli**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

---

[1] Any amended complaint must contain all of Plaintiff's allegations in a single pleading; the amended complaint will replace the original Complaint. Therefore, defendants and claims from the original Complaint that are not included in the amended complaint will no longer be considered part of this case. *See* Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend.")

INITIAL REVIEW ORDER BY SCREENING JUDGE - 8

5.  Should any entity determine that the individuals for whom counsel for the entity was served with a waiver are not, in fact, its employees or former employees, or that its attorney will not be appearing for the entity or for particular former employees, it should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, identifying the individuals for whom service will not be waived.

6.  If Plaintiff receives a notice from Defendant indicating that service will not be waived for an entity or for certain individuals, Plaintiff will have an additional **90 days** from the date of such notice to file a notice of physical service addresses of the Defendant, or claims against them may be dismissed without prejudice without further notice.

7.  The parties must follow the deadlines and guidelines in the Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases, issued with this Order.

8.  Any amended pleadings must be submitted, along with a motion to amend, within 150 days after entry of this Order.

9.  Dispositive motions must be filed no later than 300 days after entry of this Order.

10. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

11. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

13. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken, summarily denied, or returned to the moving party unfiled.

14. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

15. Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate

basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: March 13, 2023

David C. Nye
Chief U.S. District Court Judge